40 C.C.P.A. (Patents)
**Application of SYLVAN SWEETS CO.**

**Patent Appeals No. 5984.**

United States Court of Customs and Patent Appeals.

June 17, 1953.

Z. T. Wobensmith, 2nd., Philadelphia, Pa., for appellant.

E. L. Reynolds, Washington, D. C. (S. Wm. Cochran, Washington, D. C., of counsel), for the Commissioner of Patents.

Before O'CONNELL, JOHNSON, WORLEY, COLE and JACKSON (retired), Judges.

JOHNSON, Judge.

The record discloses that on May 5, 1950 appellant filed an application in the Patent Office in accordance with the provisions of the Trade-Mark Act of July 5, 1946, 15 U.S.C.A. § 1051 et seq., to register the trade-mark "Lucky Camel" for candy cigarettes. It was alleged that the mark had been continuously used by appellant on the goods specified and in commerce among the several states of the United States since April 19, 1950.

The examiner refused registration of appellant's mark in view of Registration No. 126,760, registered September 30, 1919, which was renewed on September 30, 1939, and Registration No. 222,446, registered January 4, 1927, which was renewed on January 4, 1947, to the R. J. Reynolds Tobacco Company for use on smoking tobacco and cigarettes. The trade-mark in Registration No. 126,760 consists of the word "Camel" and Registration No. 222,-446 consists of the word "Camel" in association with a design, namely, the representation of a camel and desert scenery.

It was the examiner's opinion that the word "Camel" is the dominant feature of the involved marks and that the addition of the word "Lucky" to appellant's mark does not serve to distinguish between appellant's mark and the marks shown in the cited registrations. The examiner noted that the word "Camel" in appellant's mark is presented in letters which are at least twice as large and conspicuous as the letters comprising the word "Lucky," and that the word "Camel" is presented in exactly the same style and type of lettering as that of the word "Camel" in Registration No. 222,446, and that the word "Camel" is presented in a much more fanciful and distinctive style than the word "Lucky."

The examiner also noted that an inspection of the specimens submitted as evi-

dence of use show that appellant has reproduced the registrant's word "Camel" in precise size, position, and style of lettering and has copied the front panel design shown in Registration No. 222,446 and applied it to cartons similar in size and shape to the conventional cigarette package, and he held that use of appellant's mark would be likely to cause confusion or mistake or to deceive purchasers when applied to appellant's merchandise.

In his decision the Examiner-in-Chief stated:

"What applicant sells is an imitation package of Camel cigarettes and in this sense it might be considered somewhat analogous to a literary parody imitating the style and mannerisms of a noted author rather than a counterfeit. The packages are sold to children who consume them imitating their elders smoking cigarettes. It is not believed that any feature of the thing thus imitated can in any way be considered as a part of applicant's trade-mark and for this reason it is believed that the registration should be refused."

We think the specimens submitted as evidence of use, which are appellant's packages containing the candy cigarettes, are a palpable imitation of Registration No. 222,446 in every respect, except for appellant's inclusion of the word "Lucky" which is directly above the word "Camel" and in much smaller type. In appellant's brief it is stated:

"The 'Camel' portion and the display apart from the 'Lucky' portion resemble the second mark and display of the second registration cited."

The second registration referred to is No. 222,446. Apparently it was appellant's intention to simulate all the characteristic features of a mark already in use; to burlesque a Camel cigarette package.

■ Under the Trade-Mark Act of 1946 in order to qualify as a "trade-mark" entitled to registration a notation or device must be of such character and be so used as to identify the goods of a certain manufacturer or merchant and distinguish them from those manufactured or sold by others.

■ Appellant contends that because its goods are candy, having "different ingredients, mode of manufacture, tax liability, mode of distribution, sales appeal, price, class of purchasers, restrictions as to sale, physical reactions in use as to manner of use, taste, smell, and effect on others, and in all substantial respects differ from tobacco products and particularly tobacco cigarettes" that there is an expected difference of source of origin. However, none of these factors would necessarily lead purchasers to conclude that the goods differed in origin in view of the great similarity of the marks and the manner in which they are used on the packages containing the goods of the parties.

Appellant cites our decisions in The Alligator Company v. Larus & Brother Company, Inc., 196 F.2d 532, 39 C.C.P.A., Patents, 939, and The Pep Boys—Manny, Moe and Jack v. The Edwin F. Guth Co., 197 F.2d 527, 39 C.C.P.A., Patents, 1015, as sustaining its contentions. In those cases we discussed the change in statutory language contained in the Trade-Mark Act of 1946 and stated, in effect, that under the 1946 statute, while it is no longer necessary to establish that the goods of the parties possess the same descriptive properties, as previously required under the Trade-Mark Act of 1905, registration of a trade-mark should be refused in cases where there is a likelihood of confusion, mistake, or deception, even though the goods fall into different categories, while presumably permitting registration in the case of goods which fall within the same general class, but where it is apparent that confusion is unlikely, and that the ultimate test under the new act is the likelihood of confusion or mistake, or the deception of purchasers.

We have given careful consideration to the brief on behalf of appellant and to the argument of counsel but do not find error in the decision of the Examiner-in-Chief.

The decision appealed from is affirmed.

Affirmed.

JACKSON, J., retired, recalled to participate herein in place of GARRETT, C. J.